218

(C. D. 897)

ADOLPHE HURST & Co., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 23, 1944)

*Eugene R. Pickrell* (*Eugene A. Chase* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, (*Joseph B. Brady* and *Richard F. Weeks,* special attorneys), for the defendant.
*Lamb & Lerch, amicus curiae.*

Before OLIVER, WALKER, and COLE, Judges

WALKER, Judge: This case is in its essence a retrial of the issues involved in the case of *Adolphe Hurst & Co., Inc.* v. *United States,* 6 Cust. Ct. 364, C. D. 497, the record in which was incorporated as part of the record herein. The merchandise was classified as manufactures of wax and assessed with duty at the rate of 20 per centum ad valorem under the provision therefor in paragraph 1536 of the Tariff Act of 1930. Various claims are made in the protest but the one evidently relied upon is that for free entry under the provision in paragraph 1796 of the said act for

—Wax: Animal, vegetable, or mineral, not specially provided for.

There are two kinds of merchandise involved, one invoiced as Dura Wax No. 1 and the other as Dura Wax No. 3. Although the chemical constituents of the two are the same, the percentages thereof are somewhat different in each case, but there appears to be no dispute that such differences are immaterial from the tariff classification standpoint, and the same principles of decision will therefore be applied to both.

It does not positively appear just how the imported merchandise came to its present form, which, so far as physical appearance to the layman goes, is that of wax. The theory of the defendant is that it is a natural product, montan wax, to which were added by the hand of man certain chemical elements or compounds, to wit, calcium and butylene glycol, as the result of which, by chemical reaction, a new product was formed, having characteristics and attributes not possessed by the original substance, montan wax.

Under the plaintiff's theory it makes no difference whether the imported article was wholly synthesized, that is to say, was entirely made by the hand of man from existing materials and did not start with a natural wax, or whether it is a natural wax as it appears before us, or whether it was made from a natural wax, it being contended that, having the appearance and physical characteristics of wax and being bought, sold, and used as a wax and having the chemical characteristics of mineral wax, it is properly classifiable under the provision for mineral wax in paragraph 1796, *supra.*

We think the conclusion is justified from the evidence that the merchandise at bar is not wholly a natural wax for the reasons that it contains chemical elements and compounds not found in any natural wax, and that it has chemical and physical properties not present in any single natural wax. We are satisfied, however, that the classification thereof as manufactures of wax was erroneous for the reasons so capably advanced by the Court of Customs and Patent Appeals in its decision in the case of *United States* v. *General Dyestuff Corp.*, 29 C. C. P. A. 53, C. A. D. 170. There the court had before it a material, known as I. G. Wax Z, which had been processed from montan wax to a condition in which it possessed uses not possessed by the original montan wax, but which was still suitable for use only as a wax material.

The merchandise before us likewise is suitable for use only as a wax material. Because of a high melting point, a higher degree of waterproofness, and higher emulsifiability, it appears to be more suitable for certain purposes, such as the manufacture of polish, cosmetics, insulation, etc., than natural waxes. These are, however, uses of wax as a material.

In holding that I. G. Wax Z was not dutiable under the provision for manufactures of wax, the court pointed out that it was a wax material which had been manufactured into another kind of wax material, and had not been manufactured into a completed article, thus distinguishing between such manufacture as would constitute some change, i. e., advancement, in the material but which still leaves it only a material, and such as would constitute its transformation into a new article.

Defendant here seems to take the position that in the *General Dyestuff Corp.* case the court considered only articles such as rollers, candles, imitation fruits, and other articles having a definite configuration to be in the category of manufactures of wax. This we believe to be a misunderstanding, for we are satisfied that had the I. G. Wax Z there in issue been made, for instance, into a polish, which has no shape or mold, it would have been held to be a manufacture of wax. Neither the material involved in the *General Dyestuff Corp.* case nor the instant

merchandise, however, has been made into new articles, but they still remain wax materials.

On the question of whether the merchandise at bar is a wax within the meaning of that term as used in paragraph 1796 of the free list, we note, first, this court's opinion, written by the late Judge Brown, in the incorporated case, holding that the construction of the provision for

—Wax: Animal, vegetable, or mineral, not specially provided for.

should be that the expression is meant to be all inclusive and therefore includes wax of any sort or derivation, not specially provided for. This holding seems to be contrary to that of the Court of Customs and Patent Appeals in the *General Dyestuff Corp.* case, *supra*, decided some 2 weeks previously, wherein the court confined the free-list provision to such waxes as retained their "original nature and wax characteristics."

It is the defendant's position that the free-list provision is limited to products having the nature and characteristics of natural waxes, whether produced by nature or by the hand of man. Careful reading of the decision of our appellate court in the *General Dyestuff Corp.* case leads to the conclusion that such was the construction of the provision contemplated therein by that tribunal.

In the cited case the court found that the imported article did not respond to the term "mineral wax" found in paragraph 1796, and we note that there is quoted as confirming that view language found in the Summary of Tariff Information, 1929, compiled by the United States Tariff Commission for the use of the Committee on Ways and Means of the House of Representatives, volume 2, at page 2637, which, among other things, contains the following:

The mineral waxes, similar to paraffin (par. 1633), come from natural bituminous substances; the most important are ceresin and montan.

Our difficulty with the situation comes from the fact that while it is true that in the cited case the material, mineral wax, had been manufactured into another material, that new material was itself a wax material, and while it did not have the original nature and wax characteristics of the substance from which it was made, it did have the nature and characteristics of wax in general, and, according to the testimony of the witness Seil, of mineral wax in particular.

However, we are unable to find a solid ground of distinction between the facts in the instant case and those in the *General Dyestuff Corp.* case, and we must regard the latter as controlling.

We therefore hold that the merchandise is properly dutiable at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the Tariff Act of 1930 for nonenumerated manufactured articles. The protest contains a claim for such classification, and, although not relied upon, it was not abandoned and is sustained. It will be observed that no change in rate of assessment occurs by reason of our conclusion, since the rate resulting therefrom is the same as the rate assessed, although the paragraphs are different. Judgment will issue accordingly.